**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4579**

———————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

ARTEMIO AGUILAR, a/k/a Multa, a/k/a Antonio Mota, a/k/a
Andres Olivares Amaro,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., District Judge. (1:08-cr-00151-WO-1)

———————

Submitted:  June 1, 2011           Decided:  June 8, 2011

———————

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Rafael Rodriguez, Miami, Florida, for Appellant. Randall
Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro,
North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Artemio Aguilar pleaded guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2006). The district court sentenced Aguilar to 360 months of imprisonment and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court fully complied with Fed. R. Crim. P. 11 and whether the sentence is reasonable. Aguilar was informed of his right to file a pro se supplemental brief but has not done so. Finding no error, we affirm.

Counsel first questions whether the district court conducted a complete Rule 11 colloquy. Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991). The purpose of the Rule 11 colloquy is to ensure that the plea of guilt is entered into knowingly and voluntarily. See United States v. Vonn, 535 U.S. 55, 58 (2002). Our review of the record reveals that the district court fully complied with the

2

requirements of Rule 11. We therefore conclude that Aguilar's guilty plea was knowing and voluntary.

Counsel next questions whether the sentence is reasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In doing so, we examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. "If the district court decides to impose a sentence outside the Guidelines range, it must ensure that its justification supports 'the degree of the variance'. . . ." United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 50). Finally, we then "'consider the substantive reasonableness of the sentence imposed.'" Id. (quoting Gall, 552 U.S. at 51).

We have reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. The district court properly calculated the advisory Guidelines range, considered the statutory factors, responded to the

3

parties' arguments at sentencing, and thoroughly explained the chosen sentence.  See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (district court must conduct individualized assessment based on the particular facts of each case, whether sentence is above, below, or within the Guidelines range). Moreover, the variant sentence below the advisory Guidelines range is also substantively reasonable.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal.  Accordingly, we affirm the judgment of the district court.  This court requires that counsel inform Aguilar, in writing, of the right to petition the Supreme Court of the United States for further review.  If Aguilar requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Aguilar.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED